UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TRAVELCENTERS OF AMERICA INC.,

                Plaintiff,         Civil Action No. _____

vs.

**NOTICE OF REMOVAL**

IRONSHORE SPECIALTY INSURANCE COMPANY; and

LEXINGTON INSURANCE COMPANY;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Lexington Insurance Company, through its undersigned counsel, hereby removes the instant action from the Superior Court, Suffolk County, Massachusetts, where it was assigned case number 2184-cv-02935 (the "State Court Action"), to the United States District Court for the District of Massachusetts.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between TravelCenters and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The grounds for removal are set forth in more detail below.

## THE STATE COURT ACTION

1. TravelCenters commenced the State Court Action by filing a Complaint on December 28, 2021 in the Superior Court, Suffolk County, Massachusetts, (Docket No. 2184-cv-02935). A copy of the complaint and civil action cover sheet filed in the State Court Action is attached as Exhibit A.

2. TravelCenters alleges that various insurance policies[1] issued by the Defendants, including policy number 021565822 issued by Lexington, insure TravelCenters for sundry losses at several hundred full-service travel centers located along major highways in 44 states and Canada. (See Ex. A, Complaint ¶1; Ex. B, Lexington Policy).

3. According to the Complaint, TravelCenters incurred losses in connection with the alleged presence of the SARS-CoV-2 virus, or people infected with the virus and sick with the disease it causes, COVID-19. (See Ex. A, Complaint ¶13).

4. TravelCenters also alleges that it incurred compensable losses under a number of the Policies' coverage extensions, including Endorsement No. 6: Communicable Disease Contamination. (See Ex. A, Complaint ¶¶18, 92-93; Ex. B, Lexington Policy at Endorsement 6).

5. Lexington has not yet been served with TravelCenter's Complaint.

6. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b).

7. Additionally, this Notice of Removal is being filed within one (1) year from commencement of the action as required by 28 U.S.C. § 1446(c)(1).

---

[1] TravelCenters' Complaint implies that the Insurers issued a single policy. (See Ex. A, Complaint ¶4). That is incorrect; each Insurer issued its own policy severally, not jointly, and is only responsible only for its proportional share of any available coverage. (See, e.g. Ex. B, Lexington Policy at Endorsement 1).

8. Upon filing the Notice of Removal, Lexington will furnish written notice to TravelCenters' counsel, and will file and serve a copy of this Notice with the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, pursuant to 28 U.S.C. § 1446(b).

## JURISDICTION

**I.  Diversity of Citizenship Exists Between TravelCenters and Lexington**

9. TravelCenters and Lexington are citizens of different states for purposes of diversity jurisdiction.

10. TravelCenters is a Maryland corporation with its principal place of business in Ohio. (See Ex. A, Complaint ¶32).

11. Lexington is incorporated and has its principal place of business in Delaware, with its principal place of business in Massachusetts. (See Ex. A, Complaint ¶34).

12. Based on the above, TravelCenters is a citizen of Maryland and Ohio, Lexington is a citizen of Delaware and Massachusetts for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, complete diversity of citizenship exists between the TravelCenters and Lexington.

**II.  Diversity of Citizenship Exists Between TravelCenters and Ironshore**

13. Upon information and belief, Ironshore is an Arizona corporation with its principal place of business in Massachusetts. (See Ex. A, Complaint ¶33).

14. Upon information and belief, TravelCenters has not served its Complaint on Ironshore.

**III.  The Amount in Controversy Requirement is Satisfied**

15. The Complaint seeks, *inter alia*, judgment of "damages, including actual, compensatory, consequential, special, exemplary, and punitive damages, against the Insurers in an amount to be determined at trial." (See Ex. A, Complaint at p. 41).

16. The Complaint also alleges that TravelCenters has incurred more than $42 million in damages. (See Ex. A, Complaint ¶23).

17. Therefore, the amount in controversy is at least $42 million, which exceeds the $75,000 threshold as set forth in 28 U.S.C. § 1332(a) for this Court to exercise jurisdiction.

## IV.     Venue

18. This action was originally filed in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, which sits in this federal judicial district and division, rendering venue proper under 28 U.S.C. § 1441(a).

WHEREFORE, defendant Lexington hereby gives notice that this Action, previously pending in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, is properly removed to this Honorable Court.

Dated: December 28, 2021

Respectfully submitted,

LEXINGTON INSURANCE CO.
By its attorney,

*/s/ Kenneth N. Thayer*
Kenneth N. Thayer (BBO# 671029)
thayer@sugarmanrogers.com
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114
Tel. (617) 227-3030

## **CERTIFICATE OF SERVICE**

On this 29th day of December 2021, I, Kenneth N. Thayer, counsel for Defendant Lexington Insurance Company, served the foregoing document upon all counsel of record by U.S. Mail and email.

*/s/ Kenneth N. Thayer*
Kenneth N. Thayer