UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRAVELCENTERS OF AMERICA INC., <br><br> *Plaintiff*, <br><br> v. <br><br> IRONSHORE SPECIALTY INSURANCE COMPANY and LEXINGTON INSURANCE COMPANY, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 1:21-CV-12135-PBS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF TRAVELCENTERS OF AMERICA INC.'S MOTION TO REMAND AND MOTION FOR COSTS AND ATTORNEYS' FEES

Pursuant to 28 U.S.C. § 1447(c) and Local Rule 7.1(b)(1) of the U.S. District Court for the District of Massachusetts, Plaintiff TravelCenters of America, Inc. ("TA") hereby respectfully requests that this Court remand this Action to Massachusetts Superior Court for Suffolk County and issue an order awarding TA its costs and expenses, including attorneys' fees, incurred as a result of Defendant Lexington Insurance Company's ("Lexington's") improper removal.

For the reasons set forth in TA's Memorandum of Law filed herewith, this Action is subject to remand because: (1) TA served a forum defendant, Ironshore Specialty Insurance Company ("Ironshore"), before Lexington filed its Notice of Removal, and therefore Lexington's attempted removal on the basis of diversity jurisdiction is prohibited by 28 U.S.C. § 1441(b)(2); (2) even if Lexington had filed its Notice of Removal before Ironshore was served, Lexington's attempted pre-service "snap removal" before TA served any defendant in this action is not permitted in this jurisdiction; and, (3) these defects aside, 28 U.S.C. § 1441(b) does not permit removal by a forum defendant under any circumstances. Lexington lacked any objectively reasonable legal or factual basis for seeking removal, and therefore TA is entitled to recover its

1

costs and expenses, including attorneys' fees incurred as a result of Lexington's improper removal pursuant to 28 U.S.C. § 1447(c).

WHEREFORE, Plaintiff TravelCenters of America Inc. respectfully requests that this Court remand this Action to Massachusetts Superior Court for Suffolk County and award Plaintiff its costs and expenses, including attorneys' fees, incurred as a result of Lexington's improper removal.

Respectfully submitted,

Plaintiff,

TRAVELCENTERS OF AMERICA INC.,

By its attorneys,

*/s/ Christopher J. Cunio*
Harry L. Manion (BBO# 317440)
Michael S. Levine (BBO# 633248)
Christopher J. Cunio (BBO# 634518)
Shauna R. Twohig (BBO# 685590)
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
Tel:  (617) 648-2800
Fax:  (617) 433-5022
hmanion@HuntonAK.com
mlevine@HuntonAK.com
ccunio@HuntonAK.com
stwohig@HuntonAK.com

Dated: January 11, 2022

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that on January 10 and 11, 2022, the undersigned counsel conferred with counsel for the removing defendant, Lexington Insurance Company, in a good-faith effort to resolve or narrow the issues presented in this Motion. However, the parties were unable to reach a mutually agreeable resolution of the issues.

*/s/ Christopher J. Cunio*
Christopher J. Cunio

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2022, a true and correct copy of this document was filed with the Clerk of Court through the ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing pursuant to Local Rules 5.4(c).

*/s/ Christopher J. Cunio*
Christopher J. Cunio